**CLD-164**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1262
_____

IN RE:  MICHAEL BERK,

                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to  D.N.J. Civ. No. 1-17-cv-00091)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 18, 2019

Before: CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: May 17, 2019)
_____

OPINION*
_____

PER CURIAM

Michael Berk petitions for a writ of mandamus directing the District Court to

screen his amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.  On his

suggestion, we will dismiss his petition as moot.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Berk, who is a federal prisoner, submitted to the District Court a civil rights complaint along with an application for leave to proceed in forma pauperis. The District Court denied that application without prejudice to Berk's ability to file an amended application. Berk did so and submitted along with that application an amended complaint. By order entered July 19, 2017, the District Court notified Berk of its intention to screen his amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

After about a year and a half passed without the District Court having entered a screening order, Berk filed the mandamus petition at issue here. The sole relief he requested was an order directing the District Court to screen his amended complaint. Shortly thereafter, however, Berk filed a letter notifying this Court that the District Court entered an order on March 5, 2018. In that order, the District Court ruled that Beck's filing of an amended complaint was improper, but it screened his initial complaint and allowed his claims to proceed in part. Beck notified this Court that his mandamus petition "may be mooted" for that reason. We agree that it is because the delay of which he complained has ended and his case is moving forward once again.

Berk goes on to "point out" that the District Court screened only his original complaint and let only that complaint proceed instead of screening his amended complaint as it initially said it would. Berk also asserts that he thought the filing of his amended complaint was proper. Berk does not request any relief in this regard, however, and none is warranted at this time. Mandamus is an extraordinary remedy that generally is not available if this Court can later grant relief on appeal. See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017). Even if Berk's amended complaint were proper (which we

2

need not and do not decide),[1] any prejudicial error in disallowing it can be remedied if necessary on appeal from the District Court's final judgment.

For these reasons, we will dismiss Berk's petition.

---

[1] The amendment of pleadings is governed by Fed. R. Civ. P. 15. Before the 2009 amendments to Rule 15, the rule provided in relevant part that a party could amend its complaint once as a matter of course "before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A) (2009 version). That statement permitted a plaintiff to amend its complaint once as a matter of course before serving it. The rule was amended in 2009 to provide in relevant part that a party may amend its complaint once as a matter of course "within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A); see also Fed. R. Civ. P. 15 advisory committee note to 2009 amendment. The District Court apparently interpreted this amendment as requiring a plaintiff to actually serve its complaint before amending it once as a matter of course. We question that interpretation, cf. United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 193 (1st Cir. 2015), but we need not and do not address the issue in this case.